**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIN CORRAL,** | ) | CASE NO.1:13CV0066 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BRYANT AND STRATTON COLLEGE, INC. ET AL.,** | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Erin Corral's Motion to Remand (ECF # 6). For the following reasons, the Court denies Plaintiff's Motion.

Plaintiff Erin Corral filed her Complaint in Lake County Court of Common Pleas on December 5, 2012. Plaintiff alleges that she was enrolled as a nursing student at Bryant and Stratton College in May 2010. Shortly after her first semester, Corral gave birth to a daughter. Corral breast fed her daughter and needed to pump breast milk approximately every two hours. As a result, she was unable to make it through one of her classes entitled Nursing Fundamentals, taught by Defendant Davida Smith, without having to pump. The class had a ten minute break

1

wherein Corral would go to her car and pump. This resulted in Corral returning to class late on a number of occasions. On October 11, 2010, Corral returned to class late after pumping, only to find the classroom door locked. Things escalated from that point, ultimately resulting in Plaintiff's dismissal from the nursing program.

Plaintiff alleges Defendants Smith and Bryant and Stratton engaged in sex discrimination by denying her the full enjoyment of the public accommodations in violation of O.R.C. 4112.02(G) as it relates to her need to pump her breast milk; denied her the right to breast feed in violation of O.R.C. § 3781.55; unlawfully retaliated against her in violation of O.R.C. § 4112.02(I) for complaining about Smith's discriminatory treatment; and intentionally caused her emotional distress. Plaintiff's claims are alleged against both Smith and Bryant and Stratton.

On January 10, 2013, Defendants removed the case to this Court alleging diversity jurisdiction. Plaintiff is an Ohio resident, Defendant Bryant and Stratton is a New York corporation and Defendant Smith is an Ohio resident. Defendants contend Smith was fraudulently joined to defeat diversity because all claims are brought against her are for acts committed by her "in the course and scope of her employment" and no recovery may be had against her individually in this role.

Plaintiff contends her Complaint states possible claims against both Defendants, therefore, no diversity jurisdiction exists and the case should be remanded to state court.

**LAW AND ANAYLSIS**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D. Ky.1990). Put another way, "[a] civil case that is filed in state court may be removed by the

defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.2008). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir.1930). "In seeking to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing, among other things, the complete diversity of the parties." *West v. Visteon Corp.* 367 F.Supp.2d 1160, 1162 (N.D.Ohio,2005). "Although complete diversity must exist at the time of removal, the 'fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.'" *Id.*

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non- diverse defendants, the court must remand the action to state court. The District Court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party". *Thomas v. Diebold Election Sys.*, 2007 U.S Dist. LEXIS 12014 (N.D.

3

Ohio Feb. 5, 2007)( quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "An action is colorable if it is reasonable but speculative, that is, if there is a reasonable basis for predicting that state law might impose liability on the defendant under the facts alleged." *Wiseman v. Universal Underwriters Ins. Co.*, 412 F. Supp. 2d 801, 803 (S.D. Ohio 2005). "A court's inquiry is not whether the complaint states a claim, but whether there remains a possibility of a valid claim being stated against the in-state defendants... If there is, the case would be cognizable only in the state courts." *Shephard v. Allstate Insurance Co.*, 2006 U.S. Dist Lexis 562, **6-7 ( S. D. Ohio Jan. 6, 2006).

The burden of persuasion to prove fraudulent joinder is on the removing party. "In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been an outright fraud in the plaintiff's pleading of the jurisdictional facts." *Id.* "This Court shall not consider the merits of claims or defenses" in determining whether or not there has been fraudulent joinder. *Gilbert v. Norfolk Southern Ry.*, 2007 U.S. Dist. LEXIS 52281 (N.D Ohio July 19, 2007).

In her Motion to Remand, Plaintiff contends she has stated possible claims against Smith for which she can recover damages. First, she alleges that Smith locked the door to the classroom. Second, Plaintiff contends it was Smith who excluded Plaintiff from entering the classroom. Lastly, Plaintiff argues it was Smith who wrote the course syllabus which included a lockout policy. All of the above allegations establish Smith's liability and, according to Plaintiff, undermine Defendants' contentions that Smith is a nominal Defendant.

Plaintiff further argues that Defendants have a heavy burden to demonstrate fraudulent

joinder when the face of the Complaint clearly shows no diversity jurisdiction. In addition, all doubts and ambiguities must be construed in favor of state court jurisdiction. Also, Plaintiff argues Defendants' removal is based on arguments involving the merits of Plaintiff's claims, which the Court is forbidden from considering on a Motion to Remand. Instead, the Court's analysis is limited to the question of whether or not Plaintiff has alleged possible claims against Defendant Smith. According to Plaintiff, employees are individually liable for sex discrimination under O.R.C. § 4112.02(G) under the plain language of the statute and Ohio case law interpreting the statute.

Plaintiff further argues Smith could also be liable under O.R.C.§ 4112.02(I) because the statute proscribes retaliation by "any person" against someone who has made a charge, testified, assisted, or participated in any manner..." Furthermore, Ohio case law interprets the statute to allow for individual liability.

Finally, Plaintiff contends it is more than possible Smith would be liable for Intentional Infliction of Emotional Distress because Ohio courts have held the tortious act of Intentional Infliction of Emotional Distress subjects a ***person*** to liability.

Therefore, for the above stated reasons, Plaintiff argues the Court should remand the case to state court.

Defendants contend Plaintiff fraudulently joined Defendant Smith because none of the claims asserted by Plaintiff imposes individual liability on Smith. According to Defendants, by alleging that ***ALL*** actions taken by Smith against Plaintiff were done in the course and scope of her employment, Plaintiff has expressly disclaimed any individual liability against Smith. Furthermore, Plaintiff has failed to expressly allege any claims against Smith individually.

5

Therefore, Smith is merely a nominal defendant and cannot be joined merely to defeat diversity jurisdiction. In the alternative, Defendants ask the Court to sever Plaintiff's claims against Smith from those against Bryant and Stratton because Smith is a non-diverse dispensable party.

Having considered the arguments of the parties, the Court holds that Plaintiff's Complaint fails to allege any claims against Defendant Smith in her individual capacity. It is undisputed that at paragraph 7 of her Complaint Plaintiff alleges, "At all times referenced herein, Smith was acting in the course and scope of her employment at B & S." For each and every separate claim in her Complaint Plaintiff avers "Corral restates each and every prior paragraph of this Complaint, as if it were fully restated herein." (Complaint ¶s 100, 109, 115, and 123.)

While it is true that O.R.C. § 4112 permits joint and several liability against individuals and their employers, a plaintiff must still allege individual liability. It is well established that the plaintiff is "master of [his] complaint." *Smith v. Nationwide Property and Cas. Ins. Co.* 505 F.3d 401, 407 (6th Cir. 2007). Here, Plaintiff specifically alleged that all acts by Smith were done in the course and scope of her employment. Ohio case law affirms that such allegations clearly indicate that the individuals named as Defendants are not being sued individually, but are named solely as a means of imposing liability on the employer. See *Hiles v. Franklin Cty. Bd. of Commrs.* 2005 WL 3557454, 5(Ohio App. 10 Dist., 2005). See also *Moses v Budd Co.*, No 92WD041, 1993 WL 496639 *11 (Ohio App. Dec. 3, 1993) citing *Posin v. A.B.C. Motor Court Hotel*, (1976) 45 Ohio St. 2d 271 ("An employer is generally liable for the torts of his employees if the employee was acting within the scope of his employment at the time of the torts.") "The act of an agent is the act of the principal within the course of the employment..." *Id* at 281. Because Plaintiff has alleged that all the actions of Smith were committed in the course and

scope of her employment, all Plaintiff's statutory claims must be read as claims against the employer Bryant and Stratton.

It is also true that intentional torts of employees may be imputed to the employer. "An employer is vicariously liable for the intentional torts of agents, only where the agent is following directions of the employer or seeking to facilitate or promote the business for which the servant was employed." *Moses,* at 11, citing *Byrd v. Faber,* (1991) 57 Ohio St.3d 56. Once again, Plaintiff alleged that all of Smith's actions were done in the course and scope of her employment. Thus, all Plaintiff's claims against Smith, including her Intentional Infliction of Emotional Distress claim, impose liability only upon the employer Bryant and Stratton.

Therefore, the Complaint, as alleged, presents no possible recovery against Defendant Smith and the Court finds she was fraudulently joined and her presence in the suit cannot serve to defeat diversity jurisdiction.

Therefore, for the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.

s/ Christopher A. Boyko  
CHRISTOPHER A. BOYKO  
United States District Judge

Dated: April 25, 2013